**Andie BROWDER, Appellant**

v.

**Michael AUDETTE; Jeanne Long; Hillsborough County Sheriff's Office; Michael Willette; James Burton; Florida Department of Law Enforcement; Cindy Sanz; Cal Cundiff; Edward Petty; Ron Shepard; Lavada Hall; Judy Weathersby; Paul Weathersby; Starla Browder; 95.7 the Beat; Viacom International; Ocean County Board Social Services; Delia Depreado; Sherry Lenham; Desmound Dea; Del's Motel; Thomas E. O'Brien; Seth J. Lipidow; Elizabeth Arbams; UPN 9 Corporation; NFL Corporation; HBO Corporation; National Baseball Asso.; C. Amburgey; A. Camacho; Jerry L; Toms River Police Department; Grudy Detective; Brown Sheriff's Officer; S. Castellano; John Audette; A. Audette; Advanced Promotional; Alberto Ballesteros Community Hospital; Nextel; Ocean County Prosecutors Office; Seaside Heights Police Department; Kelly Officer; Mudd Officer.**

No. 06–4640.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) May 31, 2007.

Filed: June 27, 2007.

Andie Browder, Seaside Heights, NJ, pro se.

Before: RENDELL, SMITH and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

Andie Browder appeals from the order of the United States District Court for the District of New Jersey dismissing her civil complaint. We will dismiss the appeal pursuant to 28 U.S.C.1915(e)(2)(B).

Browder's complaint names over forty defendants, including her family members, various media corporations, attorneys, judges, doctors, television and radio stations, and numerous law enforcement officials and agencies in Florida and New Jersey. Her allegations are less than coherent, and include that several of the defendants have sexually assaulted her and are conspiring to commit further physical harm and cause her death, that media-related defendants are airing private information about her and her children, and that Defendant Audette is paying various other defendants to participate in these acts against her.

The District Court *sua sponte* dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim

upon which relief can be granted. The District Court noted that, to the extent any of Browder's claims might not be frivolous, she had alleged "only claims grounded in State law, and ... federal crimes which generally do not convey a private right of action." Opinion at 2.

Having granted Browder leave to proceed *in forma pauperis* on appeal, we must now determine whether her appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). After carefully reviewing the complaint, we cannot escape the observation that the complaint consists exclusively of the type of "clearly baseless" facts or "fanciful" allegations that courts need not credit. *Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). The District Court clearly did not err in dismissing the complaint under 28 U.S.C. § 1915(e).

Because the appeal lacks merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).